# Richmond

O. B. BROOKS AND R. R. DAVIS, ETC. V. J. T. EPPERSON, ET AL.

March 14, 1935.

Present, All the Justices.

The opinion states the case.

*Hester & Hester,* for the plaintiffs in error.

*Edmunds & Hamner,* for the defendant in error.

HOLT, J., delivered the opinion of the court.

The Epperson Lumber Company was the owner of a tract of timber land in Charlotte county, which it had purchased from T. D. Dillon. Brooks and Davis owned and operated a sawmill. By contract under seal of date April 19, 1928, they agreed to move their mill upon this Dillon tract and to cut, log, saw and stack all of the standing timber upon it for a stipulated price. Afterward these sawmill men, by verbal contract, agreed to saw for this lumber company timber on an adjoining tract which it owned, known as the Thornton tract. Work was completed in the early part of March, 1929. A dispute arose as to payment which it was claimed should have been made for a balance due on account of work done. Action was brought in the Municipal Civil Court of the city of Lynchburg, which, in due course, came on to be heard, and on December 11, 1933, the plaintiffs, Brooks and Davis, recovered a judgment against the Epperson Lumber Company for $502.20 with interest from January 1, 1930, and costs, $4.50. An appeal was taken by the defendant to the Circuit Court of the city of Lynchburg. This appeal bond was given:

"Know all men by these presents, that we, Jas. T. Carter and J. T. Epperson trading as Epperson Lumber Company principal certified check surety are held and firmly bound unto the Commonwealth of Virginia in the sum of six hun-

dred and fifty dollars to the payment of which we bind our-selves, our heirs and personal representatives, jointly and severally firmly by these presents, witness our hands and seals this 21st day December, 1933. We hereby waive our homestead exemptions, as to this obligation. The condition of the above obligation is such that whereas the judge of the Municipal Court of the city of Lynchburg, Virginia, did on the 11th day of December, 1933, in a certain proceeding pending before said judge of Municipal Court between O. B. Brooks and R. R. Davis trading as Brooks and Davis plain-tiff and Jas. T. Carter and J. T. Epperson partners traded as Epperson Lumber Company, defendant, enter a judgment for the plaintiff against the said defendant for the principal sum of $502.20 with interest from January 1, 1930, and $4.50 costs and whereas the said defendant has prayed an appeal from said judgment to the Circuit Court of the city of Lynchburg, now, therefore, if the said defendant shall abide the judgment of the said court upon said appeal, if perfected, of Municipal Civil Court aforesaid, then this obligation shall be void, otherwise to remain in full force and virtue."

Copy of certified check which was deposited as surety on the appeal bond:

"LYNCHBURG, VA. 12/21, 1933.

"Pay to the order of Joseph V. Gorman $650.00 six hun-dred and fifty and no/100 dollars.

"To the Lynchburg National Bank and Trust Company, Lynchburg, Va.

"EPPERSON LUMBER CO.
"JAS. T. CARTER."

This bond, thus secured, was accepted and approved by J. V. Gorman, judge of the said municipal court on Decem-ber 21, 1933.

When the case was called for trial and before a jury had been sworn, Brooks and Davis asked that the ap-peal be dismissed because the appeal bond did not comply with the statute for such cases made and provided. That

motion the circuit court overruled. The case was then tried and resulted in a verdict and judgment for the defendant lumber company.

To the action of the circuit court in refusing to sustain this motion to dismiss exception was duly taken and is carried into bill of excepion No. 1.

The right of appeal is statutory and the statutory procedural prerequisites must be observed. *Richardson* v. *Shank,* 155 Va. 240, 154 S. E. 542.

The charter of the city of Lynchburg, in providing for appeals from judgments of the municipal civil court, section 32, declares that "The provisions of the State law with reference to appeals and removals applicable to civil and police justices and judges of municipal courts of cities shall apply to said court."

Chapter 124 of the Code of 1919, as amended, deals comprehensively with civil and police justices and civil justices. Provisions for appeal there appear as Code 1919, section 3106, as amended by Acts 1924, chapter 437. It declares that "no appeal shall be granted unless and until the party applying for the same has given bond with sufficient surety to be approved by the said civil and police justice, to abide the judgment of the court upon the appeal, * * *. No surety in any such appeal bond shall be released by the appellant's being adjudicated a bankrupt at any time subsequent to the judgment rendered by the said civil and police justice, but such surety shall be entitled to make any defense on the trial of the appeal that the appellant could have made except the defense of bankruptcy."

Provision is also made for appeal in misdemeanor cases, such as is "now or hereafter provided by law for appeals from the judgment of a justice of the peace for the counties."

Chapter 192 of the Code of 1919, as amended, deals with arrest, commitment and bail. Code 1930, section 4829-a declares: "All police justices, justices of juvenile and domestic relations courts and civil and police justices, whether elected or appointed under the general law or city

charter, and the clerk of the police court of any city in the State having a population of one hundred thousand inhabitants or more by the last United States census, shall have the power and jurisdiction within their respective cities or counties to admit to bail, upon recognizance with surety, persons charged with crime in all cases," etc.

General provisions governing criminal procedure appear in the Code of 1919 as chapter 198 (as amended). In it Code, section 4973, amended by Acts 1926, chapter 327, tells us that a recognizance, "If it be to answer for a misdemeanor or if required of a witness it shall be with or without security as the court or officer may direct; but in all other cases shall be with security deemed sufficient by the court or officer taking it."

Chapter 250 of the Code of 1919 (as amended) treats of justices of the peace, their jurisdiction and warrants for small claims. In it Code 1919, section 6027, as amended by Acts 1924, chapter 437, makes these provisions for appeal:

"From any such judgment the justice rendering it may within ten days, on such security being given as he approves for the payment of such judgment as may be rendered on appeal by the appellate court against the defendant and all costs and damages, allow an appeal * * * provided, however, that no surety in any appeal bond given by the appellant shall be released * * * but such surety shall be entitled to make any defense on the trial of the appeal that the appellant could have made except the defense of bankruptcy. Where the appeal is by a party against whom there is no recovery, except for costs the security shall be for such costs and damages as may be awarded against him on the appeal if the judgment of the justice be affirmed. The verbal acknowledgment of any surety taken under this section shall be sufficient, * * *."

■ Bonds given on appeal to this court must be with approved surety, Acts 1934, page 173, chapter 132, amending Code, section 6351.

■ These statutes tell us that in civil appeals from civil

and police justices the appeal bond must be with surety, and this is required of appeals to us.

In recognizances generally, Code, section 4973, security is required. In criminal appeals from criminal and police justices, Code, section 3106, we are told that proceedings in criminal appeals shall be such as are provided for by law in appeals from justices of the peace, while Code, section 4829a declares that civil and police justices may admit persons to bail upon recognizance with surety. Code, section 6027, which, as we have seen, deals with appeals from justices of the peace, uses the terms "surety" and "security" apparently without distinction.

Since the word "security" appears in Code, section 6027, and since procedure from civil and police justices is provided for by Code, section 3106, it is suggested that this term should be given a more comprehensive or elastic definition than properly attaches to the word "surety," that these terms are not synonymous, and it was so held in *Jarrard* v. *McCarthy*, 95 Kan. 719, 149 Pac. 696, which was a case of civil appeal. But it is to be remembered that Code, section 3106 only refers to Code, section 6027, in matters of criminal appeals. In civil appeals the bond must be with surety. The instant case is a civil appeal from a municipal court for which definite provision is made. If any uncertainty ever existed it is definitely set at rest by legislative construction.

In the Acts of 1924, page 637, chapter 412, Michie's Code, 1930, section 4973a, it is declared that any person arrested on a criminal charge "may, instead of entering into a recognizance with surety as required by law, give his personal recognizance and deposit, or cause to be deposited by him, in cash, the amount of bail he is required to furnish, * * *."

Notwithstanding the fact that Code, section 4972, permitted recognizance upon security being given, an act of the legislature was deemed necessary before cash could be accepted as a substitute. In the statute under which this appeal is taken, Code, section 3106, the more restricted term

surety, is used as governing civil appeals, and so for a stronger reason we must look to the legislature for authority to make the substitution necessary to sustain this appeal. Indeed we think that the statute itself indicates that it used "surety" in its ordinary sense.

The law in Virginia is in harmony with the general weight of authority. "In the absence of express statutory authority, a judicial or other officer empowered to admit to bail persons accused of crime has no right to accept a deposit of money in lieu of bail or as a substitute for a recognizance, * * *." 3 R. C. L., page 28, section 32. See, also, 3 C. J., page 1116.

In *Bohannon Dredging Co.* v. *England,* 30 Idaho 721, 168 Pac. 12, objection was made to a cash deposit in lieu of what is there termed an undertaking on appeal. The court held that this objection was without merit because the taking of cash was expressly authorized by statute. For the same reason cash was accepted in *Thwing* v. *McDonald,* 134 Minn. 148, 156 N. W. 780, 158 N. W. 820, 159 N. W. 564, Ann. Cas. 1918E, 420. To the same effect is *Maley* v. *Moshier,* 160 Mass. 415, 36 N. E. 64; *Hansen* v. *Anderson,* 21 Utah 286, 61 Pac. 219. All of these are cases of civil appeal, and yet the legislature in each instance was of opinion that it was necessary for it to act and that without action power to accept this substituted security did not exist.

It is perfectly true that a substantial compliance with statutory requirements is all that is necessary. But we in Virginia, by legislative construction, have held that a deposit of cash is not a substantial compliance and that the legislature must be looked to for power to accept such a deposit.

*Jenkins* v. *Bertram, Judge,* 163 Va. 672, 177 S. E. 204, decided November 15, 1934, is a case of civil appeal from a justice of the peace. There an appeal bond was not given in the time prescribed by statute, but it was given before the circuit court heard it on appeal. In the instant case a proper bond was never given. Since it was not given the motion to dismiss should have been sustained.

The solvency of the check has not been questioned and we have dealt with it as cash.

The circuit court should have dismissed the appeal, and since it should have been dismissed it is not necessary that we consider other assignments of error.

The judgment appealed from must be reversed and it is so ordered.

*Reversed.*

HUDGINS and BROWNING, JJ., dissenting.