# $\mathfrak{Staunton}$

CLINCH VALLEY LUMBER CORPORATION v. HAGAN ESTATES, INC., ET ALS.

September 11, 1936.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Browning and Eggleston, JJ.

The opinion states the case.

*O. M. Vicars* and *Lewis R. McCormick*, for the appellant.

*Robert L. Pennington* and *S. H. Bond*, for the appellees.

EGGLESTON, J., delivered the opinion of the court.

The appellees have filed a motion to dismiss the appeal on the ground that the supersedeas bond required by Code, section 6351, as amended by Acts 1934, chapter 132, was not given within the time prescribed by law.

The petition for appeal was filed only a few days before the expiration of the six months' period fixed by Code, section 6337, as amended by Acts 1922, chapter 41, for presenting the

same. The appeal and supersedeas having been awarded, on June 13, 1935, and within the said six months' period, the petitioner executed in the clerk's office of the lower court a bond in the sum of $1,000. In lieu of a surety on the bond the appellant deposited with the said clerk a certified check for $1,000 as security therefor.

The clerk of the lower court having questioned the sufficiency of the bond, on June 24, 1935, the appellant had it executed by an approved surety. In the meantime the period within which the appeal should have been perfected had expired.

It is well settled that "The right of appeal is statutory and the statutory procedural prerequisites must be observed." *Brooks* v. *Epperson*, 164 Va. 37, 40, 178 S. E. 787, 788; *Virginia Home for Incurables* v. *Coleman*, 164 Va. 230, 239, 178 S. E. 908; *Tyson* v. *Scott*, 116 Va. 243, 81 S. E. 57.

As Judge Keith said in *Tyson* v. *Scott*, 116 Va. 243, 250, 81 S. E. 57, 60: "The jurisdiction of this court rests wholly upon the written law and can be exercised only in obedience to the Constitution and laws passed in pursuance thereof. Statutes of limitation are deemed statutes of repose, and this conception of such statutes applies with peculiar force to limitations upon the right of appeal. These principles are too elementary to render necessary the citation of authority. * * * 'When the legislature prescribes the method for the exercise of the right of appeal or supervision, such method is exclusive, and neither court nor judge may modify these rules without express statutory authority, and then only to the extent specified.' "

Code, section 6351, as amended by Acts 1934, page 173, chapter 132, provides: "Except where an appeal, writ of error or supersedeas is proper to protect the estate of a decedent, infant, convict or insane person, or to protect the interest of any county, city or town, of this Commonwealth, the same shall not take effect until bond *with surety* approved by the trial court, or its clerk be given or filed in the clerk's office of the trial court, * * * ." (Italics ours.)

Commenting on this section, in *Brooks* v. *Epperson*, 164 Va. 37, 41, 178 S. E. 787, 789, we recently said: "Bonds given

on appeal to this court must be with approved surety, Acts 1934, page 173, chapter 132, amending Code, section 6351."

That case dealt with an appeal from a civil and police justice. There the statute (Code, section 3106, as amended by Acts 1924, chapter 437) required a "bond *with sufficient surety* to be approved by the civil and police justice." We held that a bond executed by the appellant, without surety, but accompanied by a certified check as a substitute therefor, was not a substantial compliance with the statutory requirement of "sufficient surety."

The same is true in the instant case where the language of Code, section 6351, as amended, requiring a "bond with surety," is almost identical with that of Code, section 3106, as amended by Acts 1934, chapter 243, which requires a "bond with sufficient surety."

We are not here confronted with a mere technical defect which could subsequently be corrected. The bond given within the limitation period was not merely voidable, but void. The statute in plain terms requires an obligation "with surety." Here there was none. Such fatal defect could not be supplied after the expiration of the time within which the appeal should have been perfected.

In the case at bar there is no question of appellees' waiver of the failure to give the proper bond such as was found in *Trust Company* v. *Fletcher*, 152 Va. 868, 148 S. E. 785, 73 A. L. R. 1111, and in the cases there cited.

Here the failure to give the required bond was not discovered by appellees until after the expiration of the time for perfecting the appeal. At the very next term of this court, and before the record was printed, appellees moved to dismiss the appeal.

In *Richardson* v. *Shank*, 155 Va. 240, 242, 154 S. E. 542, the late Chief Justice Prentis said: "That the failure to give bonds which are properly required under Code 1919, section 6351, within the period fixed by statute (now six months from the date of the decree or judgment), necessitates the dismissal of the writ of error or appeal pursuant to Code 1919, section 6355, as amended by Acts 1926, page 19, chap-

ter 10 [Code 1930, section 6355], is certain. This statute so directs, and it has always been construed as mandatory. *Yarborough* v. *Deshazo,* 7 Gratt. (48 Va.) 374; *Otterback* v. *Alex. & F. Ry. Co.,* 26 Gratt. (67 Va.) 940; *Pace, Assignee* v. *Ficklin's Ex'x,* 76 Va. 292; *Poff* v. *Poff,* 128 Va. 62, 104 S. E. 719; *Witt* v. *Witt's Ex'r,* 146 Va. 256, 135 S. E. 681."

The appeal must be dismissed.

*Dismissed.*