# Richmond

ROBERT H. FORREST V. MORRIS S. HAWKINS AND L. H.
WINDHOLZ, RECEIVERS, ETC.

January 13, 1938.

Present, All the Justices.

The opinion states the case.

*Aubrey R. Bowles, Jr., William H. Sands* and *H. Clark Thompson,* for the plaintiff in error.

*James G. Martin,* for the defendants in error.

EGGLESTON, J., delivered the opinion of the court.

The defendants in error have filed a motion to dismiss the writ of error on the ground that the bond required by Code, section 6351, as amended by Acts 1934, ch. 132, p. 173, was not given within the time prescribed by law.

The petition for a writ of error was filed only seven days before the expiration of the six-month period fixed by Code, section 6337, as amended by Acts 1922, ch. 41, p. 45. After the writ of error had been granted, and within the six-month period, there was executed and recorded in the clerk's office below the following instrument:

"KNOW ALL MEN BY THESE PRESENTS, That we, Robert H. Forrest, by William H. Sands, Atty., Principal, and Royal Indemnity Company, Surety, are held and firmly bound unto the Commonwealth of Virginia, in the sum of Three Hundred Dollars, to the payment whereof, well and truly to be made to the said Commonwealth of Virginia, we bind ourselves, and each of us, our and each of our heirs, Executors and administrators, jointly and severally, firmly by these presents. And we hereby waive the benefit of our exemption as to this obligation. Sealed with our seals, and dated this 10th day of December, one thousand nine hundred thirty-six.

"THE CONDITION OF THE ABOVE OBLIGATION IS SUCH, That whereas the plaintiff, Robert H. Forrest by petition to the Supreme Court of Appeals of the State of Virginia, has prayed and obtained a writ of error in and a supersedeas to an order of the Circuit Court of the County of Princess Anne, Virginia, pronounced on the 20th day of May, 1936, in a suit depending in said Court in which the said Robert H. Forrest, as plaintiff and Morris S. Hawkins and L. H. Windholz, Receivers, of Norfolk Southern Railroad Company, and C. W. Parsons, were defendants, was adjudged to recover nothing and was adjudged to pay the said defendants' costs upon entering into bond with sufficient security in the Clerk's Office of the said Circuit Court of the County of Princess Anne, Virginia, in the sum of Three Hundred Dollars ($300.00), Now Therefore, if the said Robert H. Forrest shall perform and satisfy the said order in case the same be affirmed, or the said writ of error and supersedeas be dismissed, and shall also pay all damages, costs, and fees which may be awarded against or incurred by the said defendants in the *Appelate* Court and all actual damages incurred in consequence of the supersedeas, then this obligation to be void; otherwise to remain in full force and virtue.

> "ROBERT H. FORREST
> "by WILLIAM H. SANDS, Atty (SEAL)
>
> "by ROYAL INDEMNITY COMPANY
> "by LEON BANKS          (CORPORATE
>                     Atty-in-Fact"     SEAL)

On December 21, 1936, the attorney for the defendants in error wrote Mr. Sands a letter stating that he had just received a copy of the purported bond, and that at the next term of this court a motion would be made to dismiss the writ on the ground that he, Sands, lacked the necessary sealed authority to execute the instrument on behalf of Robert H. Forrest as principal.

Early in the January term, 1937, after due notice to opposing counsel, a formal motion to dismiss the writ on that ground was filed.

On January 23, 1937, counsel for the plaintiff in error filed in this court a written answer to the said motion to dismiss. To this was attached a writing signed and sealed by the said Robert H. Forrest, under date of January 21, 1937, in which he ratified and confirmed the action of his attorney, William H. Sands, in signing and sealing on his behalf the purported bond.

We reserved action on the motion to dismiss until full argument was had thereon when the case was reached on the docket.

Code, section 6351, as amended by Acts 1934, ch. 132, p. 173, provides:

"Except where an appeal, writ of error or supersedeas is proper to protect the estate of a decedent, infant, convict or insane person, or to protect the interest of any county, city or town, of this Commonwealth, the same shall not take effect until bond with surety approved by the trial court, or its clerk be given or filed in the clerk's office of the trial court, by the appellants or petitioners, or one or more of them, or some other person, in a penalty to be fixed by the court or justice, by, or in which, the appeal, writ of error or supersedeas is allowed or entered, * * *."

This language implies, we think, that (except in certain instances with which we are not here concerned) before the appeal or writ of error or supersedeas shall become effective, there must be given or filed in the clerk's office a "bond,"—that is, a sealed instrument, not merely a written instrument,—which must be signed by (1) a principal, who may be either the "appellants or petitioners, or one or more of them, or some other person," and (2) an approved surety.

In the recent case of *Clinch Valley Lumber Corp.* v. *Hagan Estates*, 167 Va. 1, 187 S. E. 440, we pointed out that the right of appeal is statutory and that the requirements of this section must be complied with. What we said there need not be repeated here. That appeal was dismissed because the bond was not signed by a surety as required by this statute. We held that the substitution of a certified check for the surety did not comply with this section.

In the instant case the instrument purports on its face to be the bond of Robert H. Forrest, who is therein named as principal. It is signed and sealed not by him but by his attorney.

It is elementary that to bind the principal, authority to execute a sealed instrument must be under seal. *Preston* v. *Hull,* 23 Gratt. (64 Va.) 600, 604, 14 Am. Rep. 153; *Penn* v. *Hamlett,* 27 Gratt. (68 Va.) 337, 342; *Bath Hardwood Lumber Co.* v. *Back Creek Mt. Corp.,* 140 Va. 280, 285, 125 S. E. 213; 2 Am. Jur., Agency, sec. 94, pp. 75, 76.

It is admitted that at the time the instrument was executed the attorney lacked the necessary sealed authority from his principal to execute this bond. Therefore, the instrument can not be said to be the bond of Robert H. Forrest as principal.

Neither is it the bond of William H. Sands as principal. It does not purport to be such on its face. It states in plain terms that Robert H. Forrest is the principal, and that Sands is merely the agent or attorney.

It is argued that if Sands acted without authority, then he is personally bound to the obligee in the bond, and that this satisfies the statute.

But such liability rests not upon the theory that the unauthorized instrument becomes the bond of the agent, but upon the doctrine that the agent is liable for the breach of an implied warranty of authority, or for fraud and deceit. 2 Am. Jur., Agency, secs. 319-323, pp. 250-254; 3 C. J. S., Agency, sec. 208, p. 115; Restatement of the Law, Agency, sec. 329; 1 Williston on Contracts (Rev. Ed.), sec. 282, pp. 831, 832.

In Restatement of the Law, Agency, sec. 325, p. 720, it is said: "An agent is not liable as a party to a sealed instrument unless he is named in the instrument as the covenantor and it also purports to be sealed by him." The agent's liability here is based on the breach of his implied warranty of authority. Idem, sec. 329, p. 726.

In *Haupt* v. *Vint,* 68 W. Va. 657, 70 S. E. 702, 34 L. R. A. (N. S.) 518, the highest court of West Virginia held that a

person who signs the name of another to a contract, as agent of the latter, without authority to do so, is not personally liable on the contract as promisor or covenantor, but is liable, in an action of assumpsit, upon the implied warranty of his authority, or in trespass on the case, for fraud and deceit.

In *Delius* v. *Cawthorn,* 13 N. C. (2 Dev.) 90, the North Carolina court expressly held that a sealed instrument signed by an agent without the necessary sealed authority is not the bond of the agent.

Thus we see that the mere fact that the agent may be liable in damages to the obligee in the instrument does not convert it into a bond and satisfy the statute. Indeed, if Forrest himself had signed the writing in question but had failed to fix his seal thereto, he might have been liable thereon as a common law instrument, but due to the lack of a seal the statute would not have been complied with.

We think it is plain, therefore, that at the time the instrument was executed it did not comply with the statute, in that it had not been sealed by the purported principal, and hence was not his bond.

In *Clinch Valley Lumber Corp.* v. *Hagan Estates, supra,* we held that where a bond was fatally defective at the date of its execution, in that it lacked the signature of an approved surety, such defect could not be cured after the expiration of the time for perfecting the appeal.

The same principle applies here. Forrest was powerless, after the expiration of the time for perfecting the writ of error, to cure the defect by ratifying the unauthorized act of his agent. It is well settled that a ratification will not relate back so as to impair or defeat the rights of third parties which have intervened between the time of the doing of the unauthorized act and its ratification. 2 Am. Jur., Agency, sec. 211, p. 168; 2 C. J. S., Agency, sec. 65, p. 1144.

The required bond not having been given within the period fixed by the statute, the writ must be dismissed. *Clinch Valley Lumber Corp.* v. *Hagan Estates, supra.*

The view we have taken of the matter makes it unnecessary to discuss the case on its merits. It may not be amiss, though, to state that upon a careful consideration of the record we think the case would have to be affirmed.

*Dismissed.*