# Richmond

THE COVINGTON VIRGINIAN, INC. V. R. C. WOODS, TRADING AS
COVINGTON NEWS AGENCY.

March 13, 1944.

Record No. 2744.

Present, Campbell, C. J., and Hudgins, Gregory, Eggleston and Spratley, JJ.

The opinion states the case.

*George A. Revercomb, Jr.,* for the plaintiff in error.

*J. W. C. Johnson,* for the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

This proceeding originated in the Trial Justice Court of Alleghany County. In that court, on July 23, 1942, after a hearing on the merits, R. C. Woods, trading as Covington News Agency, hereinafter referred to as the plaintiff, recovered a judgment against the Covington Virginian, Inc., defendant, in the sum of $626.53 and costs. On July 27, 1942, an appeal was applied for by the defendant, who paid the writ tax, and gave what he thought was an appeal bond, with surety approved by the trial justice. The case was sent on to the circuit court.

The written instrument, purporting to be the appeal bond, was executed on behalf of the defendant, a corporation, by its president as follows: "The Covington Virginian, Inc. By Richard F. Beirne, Pres.," and by a corporate surety under its corporate seal. The corporate seal of the defendant was not attached or affixed to the instrument. During these proceedings the defendant was not represented by counsel.

The case was duly docketed in the Circuit Court of Alleghany county, where it was set for trial on November 6, 1942. On that date the parties appeared by their respective counsel, and on motion of the defendant, the plaintiff was required to file a bill of particulars on or before November 20, 1942. On motion of the plaintiff, the defendant was required to file its grounds of defense on or before December 15, 1942. At the request of the defendant, the case was continued to January 13, 1943.

On November 20th, before issue was joined, and prior to filing his bill of particulars, the plaintiff moved that the appeal be dismissed on the ground that the defendant had not given an appeal bond in accordance with the statutory requirements. The defendant contended that the written instrument was a sufficient bond, in that it substantially complied with the statutes, and that the plaintiff was fully protected thereby.

The trial judge rendered a written opinion, setting forth his reasons for sustaining the motion of the plaintiff, dismissing the appeal, and remanding the case to the trial justice court. Before an order to that effect was actually entered, the defendant made a further objection to the motion to dismiss on the ground that the plaintiff had waived the alleged defect in the execution of the appeal bond by making "a general appearance" after the appeal had been docketed and prior to his motion to dismiss. This objection was overruled on February 5, 1943, and on the same day an order was entered in accordance with the opinion of the trial court.

Error is here assigned to both rulings of the trial court upon the grounds above recited.

The requirements for perfecting an appeal from a trial justice court to a circuit court are found in the following sections of Virginia Code, 1942 (Michie):

"Section 4987f7. Applicability to trial justices of laws governing bail, procedure, removal and appeals.—Except as herein otherwise specifically provided, all the provisions of law now in force or which may hereafter be enacted governing granting of bail, procedure and appeals in criminal cases, relating to police justices in cities shall apply in like manner to trial justices appointed hereunder, and all provisions of law now in force or which may hereafter be enacted governing procedure, removal and appeals in civil cases relating to civil and police justices and civil justices in cities, shall apply in like manner to trial justices appointed hereunder; * * * there shall be an appeal of right to the circuit court of the county, or the corporation court of the city, wherein said judgment was rendered, * * * but no such appeal shall be granted unless and until the party applying for the same shall give bond, with sufficient surety, to be approved by the trial justice, to abide the judgment of the court upon the trial of said appeal, if such appeal be perfected, * * * provided, however, that in lieu of giving bond as hereinabove provided, any such appellant may deposit with the trial justice, * * * such sums of money as the

trial justice may estimate to be sufficient to discharge such° judgment as may be rendered by the appellate court on the trial of the appeal, * * * ."

Section 3106 of the Code, governing appeals from civil and police justices, provides as follows:

" * * * but no appeal shall be granted unless within ten days from the date of the judgment from which the appeal is sought the party applying for the same shall have given bond, with sufficient surety, to be approved by the said civil and police justice, to abide the judgment of the court upon the appeal, if such appeal be perfected, * * * ."

"Section 4987p. ' Certain sections not repealed.—Be it further enacted by the General Assembly of Virginia, That all other acts and parts of acts, both general .and special, inconsistent with the provisions of sections 4987a-p be, and they are hereby, repealed to the extent of such inconsistency; * * * "

It will be observed that the language of sections 4987f7 and 3106 is identical in requiring that the party applying for an appeal shall give bond, with surety, etc., while section 4987f7 provides two ways in which an appeal can be perfected, one by giving the bond therein required and the other by depositing a certain sum of money.

Section 3106 provides for an appeal only upon the giving of a bond with sufficient surety.

In this proceeding both courses were, under section 4987f7, open to the defendant for the perfection of its appeal. It elected the course requiring it to give bond.

█ █ A bond is a written obligation under seal. The seal is the distinguishing feature which imports ˙solemnity and binding value. While we have, by statute, in Virginia, relaxed the common law as to seals with respect to natural persons, (Code, 1942 (Michie) section 5562), the same relaxation has not been extended to corporations. The distinction between sealed and unsealed instruments has not been changed.

█ Virginia statutes under which corporations are authorized and organized provide for a corporate seal. A cor-

poration cannot execute a bond except under its corporate seal.

The statutory requirements for appeal bonds have always been construed as mandatory, and the exercise of appellate jurisdiction confined to the provisions of the written law.

In case after case, over a long period of time, we have in clear, unequivocal, and emphatic language repeatedly said that "The right of appeal is statutory and the statutory procedural prerequisites must be observed." *Tyson* v. *Scott*, 116 Va. 243, 81 S. E. 57; *Richardson* v. *Shank*, 155 Va. 240, 154 S. E. 542; *Brooks* v. *Epperson*, 164 Va. 37, 178 S. E. 787; *Clinch Valley Lbr. Corp.* v. *Hagan Estates*, 167 Va. 1, 187 S. E. 440; *Forrest* v. *Hawkins*, 169 Va. 470, 194 S. E. 721.

In *Clinch Valley Lbr. Corp.* v. *Hagan Estates, supra,* we held that a bond executed by an appellant without surety, but accompanied by a certified check as a substitute therefor, was not a substantial compliance with the requirements of Code, section 6351. In that case, quoting Keith, P., from *Tyson* v. *Scott, supra,* we said:

"The jurisdiction of this court rests wholly upon the written law and can be exercised only in obedience to the Constitution and laws passed in pursuance thereof. Statutes of limitation are deemed statutes of repose, and this conception of such statutes applies with peculiar force to limitations upon the right of appeal. These principles are too elementary to render necessary the citation of authority. * * * 'When the legislature prescribes the method for the exercise of the right of appeal or supervision, such method is exclusive, and neither court nor judge may modify these rules without express statutory authority, and then only to the extent specified.' "

In *Brooks* v. *Epperson, supra,* we likewise held, in construing Virginia Code, section 3106, that on an appeal from a civil and police justice, a certified check could not be used as a substitute for the bond required by the statute.

In *Forrest* v. *Hawkins, supra,* where the attorney for the appellant executed an appeal bond in the name of his client without authority, we said:

"Indeed, if Forrest himself (the principal) had signed the writing in question but had failed to fix his seal thereto, he might have been liable thereon as a common law instrument, but due to the lack of a seal the statute would not have been complied with."

The provisions of Virginia Code, 1942 (Michie) section 6351, relating to appeals to this court, are almost identical with section 4987f7 as to necessity for an appeal bond. Section 6351, however, permits the bond to be executed "by the appellants or petitioners, or one or more of them, or some other person," a privilege not granted by section 4987f7. The ruling in *Brickell* v. *Shawn,* 175 Va. 373, 9 S. E. (2d) 330, as to the sufficiency of the appeal bond, is founded on the added provision.

It is contended that there was here a substantial compliance with section 4987f7, because the executed instrument provided ample security for the payment of any judgment in plaintiff's favor, in that the defendant was bound by its written obligation and its surety could not, under Virginia Code, 1942 (Michie) sections 284, 285 and 4348, deny its liability. It might as well be contended with equal force that a verbal recognizance by the appellant and a verbal acknowledgment by his surety, in compliance with section 6027, relating to appeals from a justice of the peace, would have been sufficient. If that be so, where are we to stop? All such contentions are opposed by the express provisions of section 4987f7 and by the fact that the provisions of section 6027 have been repealed so far as they are inconsistent therewith. It seems clear that the purpose and requirement of the statutes relating to the trial justice system were to do away with the informality and confusion arising under former provisions for appeals from justices of the peace.

We come next to the contention that the motion to dismiss the appeal was not made in proper time and that the

plaintiff waived any objection to the sufficiency of the appeal bond.

The procedure to effect an appeal from a trial justice court to a circuit or corporation court is different from that involved in an appeal to this court. In the trial justice court, the appellant is not required to give notice of his intention to appeal nor of the perfection of his appeal. No answer to the application for an appeal is allowed, the appeal being granted under the statute as a matter of right, upon compliance with statutory requirements. No writ of *supersedeas* is provided for, since the appeal stays the proceeding.

The cases upon which the defendant relies may be readily distinguished from this case.

*New River Mineral Co.* v. *Painter*, 100 Va. 507, 42 S. E. 300, holds that a defendant by appearing and consenting to a continuance of an action against him, before making a motion to quash the process, waived all defects in the process and in the service thereof.

*Baldwin* v. *Norton Hotel*, 163 Va. 76, 175 S. E. 751, holds that it is too late after issue has been joined to object to the jurisdiction of the court on the ground that the defendant is a non-resident.

In *Virginia Fire, etc., Ins. Co.* v. *New York Carousal Mfg. Co.*, 95 Va. 515, 28 S. E. 888, 40 L. R. A. 237, a bond for an appeal to this court omitted to provide, as a part of the condition, for the payment of "all actual damages incurred in consequence of the *supersedeas*." We held that if the defendant in error was not satisfied with the bond, "he should have taken the necessary steps, within the time that a new bond might have been given, or another appeal allowed, where he had had reasonable time in which to do so, to require a proper bond to be given, and in the event of his failure to give it, moved to dismiss the appeal." Under circumstances of acquiescence and delay, it was considered that the defendant had waived objection to the defect in the bond. This ruling was reaffirmed in *Northern Neck Mut. Fire Ass'n* v. *Turlington*, 136 Va. 44, 116 S. E. 363; *Trust Co. of Norfolk* v. *Fletcher*, 152 Va. 868, 148 S. E.

785, 73 A. L. R. 1111; and *Brumley* v. *Grimstead*, 170 Va. 340, 196 S. E. 668, in each of which cases the objection related to an alleged defect in the bond given.

In *Harris* v. *Harrington*, 180 Va. 210, 22 S. E. (2d) 13, the defendant in error first filed a petition alleging that a proper bond had been given as directed; but that the penalty stated in the order and bond was insufficient to pay the judgment and costs. Plaintiffs in error concurred in the prayer, and immediately filed a proper appeal bond in a sufficient amount. Defendant in error then filed two other petitions with the clerk of this court. In one he stated that he had learned that no *supersedeas* had been awarded and, therefore, the original bond for $300 was sufficient to cover the costs and asked leave to withdraw his motion for an increase in the amount of the bond. The other petition prayed that the appeal be dismissed on the ground that the attorney, who executed the bond on behalf of the principals, lacked sealed authority to execute the same. After pointing out the difference in facts from those in *Forrest* v. *Hawkins, supra*, we held that, in view of the extended delay of the motions of the defendant in error and the circumstances recited, she had waived objection to the alleged defect.

In the case under review there is not the slightest suggestion that the plaintiff, or his counsel, discovered the lack of defendant's bond within the ten days in which the appeal was required to be perfected, four of which days had elapsed before the application therefor.

On November 6, 1942, when the case was called for trial in the circuit court and continued, no pleadings had been filed by either party, nor issue joined. The right to execute a proper appeal bond had then become barred. The plaintiff made his motion to dismiss prior to filing his bill of particulars. Not until after the trial court had ruled upon the motion favorably, and filed its written opinion on that motion, did the defendant raise the question of waiver.

The plaintiff ought not be charged with having waived his right to move for a dismissal of the appeal

merely because he undertook to get a date set for a hearing of his case. The motion for the bill of particulars was designed to bring a disclosure of the plaintiff's contentions. His position was made known within the time required. If the plaintiff had notified the defendant of the defect in the purported bond, at any time after ten days from the date of judgment, the situation of the defendant would not have been changed by the mere notice. Its right of appeal had become barred.

A waiver such as is claimed here may be generally defined as a voluntary abandonment of some known legal right, advantage, or privilege, or such conduct as warrants an inference of the abandonment of such right, or the intentional doing of an act inconsistent with claiming it, all of which is usually dependent upon the peculiar circumstances of the case.

*Jenkins* v. *Bertram*, 163 Va. 672, 177 S. E. 204, involved an appeal from the judgment of a justice of the peace, where no security was required for the payment of such judgment as might be rendered by the appellate court. Virginia Code, 1930 (Michie) section 6027. It was heard, prior to the establishment of the trial justice system, under Virginia Code, 1930 (Michie) section 6018, a statute entirely different from section 4987f7.

Section 6018 expressly provided that the court to which the appeal was taken from a justice of the peace should have the power to correct defects, irregularities, and omissions in the proceedings before such justice.

Virginia Code, 1930 (Michie) section 6027, provided that an appeal might be taken from a justice of the peace on such security as the justice might approve. It made the verbal acknowledgment of any surety taken thereunder sufficient, and the endorsement by the justice of the name of the surety upon the warrant conclusive evidence of such acknowledgment. No such provisions are contained in the statutes relating to appeals from a trial justice. On the other hand, section 4987p repeals sections 6018 and 6027 to the extent of their inconsistency therewith.

The obligation of an attorney at law does not require that he aid an opposing litigant to defeat or delay the successful prosecution of the claim of his client. There is no requirement which makes it his duty to make daily inquiry of the trial justice court as to whether or not an appeal has been taken from a judgment in his client's favor or an appeal therefrom properly perfected, so that he may give notice to an applicant for an appeal of a defect in his procedure within the time provided for an appeal. The objections thereto are obvious and controlling.

On the other hand, he should not, by his conduct, lead the opposing party to believe he has acquiesced in or assented to a certain proceeding or act, in order to lull the latter into a position of false security or entrapment, and thereafter be allowed to take advantage of the situation thereby created.

The necessity to have rules governing appeals is undisputed. Compliance with these rules is essential to avoid confusion and to protect rights. When they are clear, simple, and reasonable, there ought to be no just reason for noncompliance.

The question before us is not whether a bond is merely voidable or void. The written instrument involved is not a bond of the appellant. In no sense was it executed in compliance with the mandatory provisions of the written law. The failure to so execute it precluded the exercise of the jurisdiction of the circuit court over the proceedings.

It might not be inappropriate, in this case, to call attention to what Keith, P., said in *Tyson* v. *Scott, supra*:

"The courts are often placed in positions of great difficulty. On the one hand there is an urgent demand on the part of the public (oftentimes well founded) for the codification of the laws, so that rights and remedies may be concisely and plainly dealt with, fixed and ascertained; but as soon as such a statute is passed the courts are besieged with a like urgency to overstep the limits prescribed by the letter of the law and to give relief in cases which the statute does not embrace. In the construction of statutes, the

courts have but one object, to which all rules of construction are subservient, and that is to ascertain the will of the legislature, the true intent and meaning of the statute, which are to be gathered by giving to all the words used their plain meaning, and construing all statutes *in pari materia* in such manner as to reconcile, if possible, any discordant feature which may exist, and make the body of the laws harmonious and just in their operation. Beyond these limits the courts have no power in dealing with rights created, measured, limited and enforced by positive statutes."

For the foregoing reasons, we are of opinion to affirm the judgment of the trial court.

*Affirmed.*