## WHITE HOUSE MOTEL CORPORATION v. DORSEY V. BIAS

June 9, 1978

Record No. 770652

Present: All the Justices

*Thomas E. Albro* for appellant.

*Ralph E. Main, Jr.,* for appellee.

I'ANSON, C.J., delivered the opinion of the Court.

Plaintiff, Dorsey V. Bias, filed this suit against the defendant, White House Motel Corporation, seeking reformation of a demand note and the entry of a decree directing the corporation's duly

authorized officers to affix the corporation's raised seal to the note. Plaintiff alleged in his amended bill of complaint that when the note was executed by the corporation in December of 1970, it was "the mutual intent" of the parties to affix the corporate seal to the instrument.

After an *ore tenus* hearing, the Chancellor, in a letter opinion, held that under the present Virginia law "Code §§ 13.1-2.1(c) and 11-3," the affixing of the defendant's corporate seal to the note in question was not essential to the validity of the instrument. But, the Chancellor said, when the note was executed in 1970, "the law . . . was to the effect that the corporate seal was essential to the validity of the instrument," citing *The Covington Virginian* v. *Woods*, 182 Va. 538, 29 S.E.2d 406 (1944). The Chancellor further found from the evidence that the parties "mutually intended" the note to be a valid obligation of the corporation, and this intent could only be effected by affixing the corporate seal to the instrument. Thus, the Chancellor entered his decree directing the officers of the corporation to affix the corporate seal to the note.

Defendant contends the note was a valid obligation of the corporation without the corporate seal when it was executed in 1970, and the Chancellor erred (1) in decreeing as a matter of law that the seal of the corporation had to be affixed to the note for it to be a valid corporate obligation, and (2) in directing the authorized officers of the corporation to affix its corporate seal to the note.

The evidence shows that on July 1, 1969, the officers of the corporation executed and delivered to the plaintiff a non-interest bearing demand note in the amount of $9,000 as part payment for services rendered to the corporation. The seal of the corporation was not affixed to the note.

The corporation did not pay the note, and in December 1970, plaintiff prepared a new $9,000 demand, interest-bearing note to exchange for the old one. The new note was dated July 1, 1969 and was duly signed by the authorized officers of the corporation. The first note was marked "paid and cancelled." Plaintiff testified that at the time the second note was executed, he assumed the corporate seal had been affixed. In fact, the note did not contain the corporate seal. Plaintiff further said that he placed the note in his safe where it remained until the latter part of 1975 when he made demand for payment and it was refused.

The rule that a corporation may make a contract without the use of a seal in all cases where this may be done by an individual

has been firmly established in the case law of Virginia for more than a century and a half. *Kelly* v. *Board of Public Works,* 75 Va. 263, 270-71 (1881); *The Banks* v. *Poitiaux,* 24 Va. (3 Rand.) 136, 143 (1825); *Legrand* v. *Hampden Sidney College,* 19 Va. (5 Munf.) 324 (1817).

The rationale of the rule is that business corporations routinely make a wide variety of contracts in the course of their affairs each day. If each contract had to have a raised seal of the corporation impressed upon it by the appropriate corporate officer before it became a valid obligation, business transactions would be cumbersome and time-consuming. Corporations would find it difficult, if not impossible, to act through agents in branch offices.

The adoption of this rule in Virginia can be traced to an opinion by Mr. Justice Story in *Bank of Columbia* v. *Patterson's Administrator,* 11 U.S. (7 Cranch) 299 (1813). There the Court, in explaining the necessity for such a rule, said:

"The technical doctrine, that a corporation could not contract, except under its seal, or, in other words, could not make a *promise,* if it ever had been fully settled, must have been productive of great mischiefs. Indeed, as soon as the doctrine was established that its regularly appointed agent could contract in their name without seal, it was impossible to support it; for otherwise the party who trusted such contract would be without remedy against the corporation. Accordingly, it would seem to be a sound rule of law, that wherever a corporation is acting within the scope of the legitimate purposes of its institution, all parol contracts made by its authorized agents, are *express* promises of the corporation; and all duties imposed on them by law, and all benefits conferred at their request, raise *implied* promises, for the enforcement of which an action may well lie." *Id.* at 306. (Emphasis added).

It is true that in 1970 there were at least two corporate acts which required the use of a seal. Corporations had to affix seals to deeds conveying real property (Code § 55-119, Repl. Vol. 1974),* and to appeal bonds, except those corporations not required by statute to give a bond. *See* Code § 8-477, now § 8.01-676 (Repl. Vol. 1977), and § 16.1-107 (Repl. Vol. 1975). But those code sections have no application under the facts of the present case.

---

*The present statute, Code § 55-119 (Cum. Supp. 1977), eliminates this requirement.

The Chancellor's reliance on *Covington, supra,* was misplaced. There we held invalid the corporation's appeal bond because its corporate seal was not affixed and dismissed the appeal. At the time the bond was executed in *Covington,* all appeal bonds had to be under seal whether they were executed by corporations or natural persons. An appeal bond, by definition, is a sealed instrument. See *Forrest* v. *Hawkins,* 169 Va. 470, 475, 194 S.E. 721, 722 (1938), cited in *Covington.* Thus, *Covington* does not stand for the proposition that at the time the note in the present case was made all instruments executed by a corporation had to be sealed to be valid.

We hold that when the note in question was executed in 1970 without the corporation's seal affixed thereon, it was a valid obligation of the corporation. Thus, it was error to hold as a matter of law that the note was invalid because the corporation's raised seal was not affixed, and in directing the authorized officers of the corporation to affix the corporate seal on the note because "the parties mutually intended that the note be a valid obligation of the defendant [corporation]." Even if the parties mutually intended the note to be a valid obligation of the corporation, that does not show that they mutually intended to affix the corporate seal to the instrument.

For the errors of law and fact, the decree of the court below will be reversed and the case remanded. On remand, the Chancellor shall consider whether the evidence establishes that there was a mutual mistake in not affixing the corporate seal to the instrument because that issue was not reached under the Chancellor's holding.

*Reversed and remanded.*