## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia,
Commissioner of Labor and Industry

v.

Lane Construction Corp.

April 7, 1988

Case No. (Law) 82628

By JUDGE LEWIS HALL GRIFFITH

This matter is before the Court on a motion by the Commonwealth to reconsider an order entered on February 15, 1988. That order granted Defendant's motion to dismiss the Commonwealth's appeal of a decision rendered by the General District Court of Fairfax County. By its motion, the Commonwealth asserts that it properly noted and perfected its appeal and was not required by statute to give Defendant written notice.

The Court has carefully considered the arguments of counsel and has concluded that the Commonwealth's motion ought to be granted. However, the Court finds that because more than twenty-one days has elapsed since the date the order dismissing the appeal was entered, it does not have the jurisdiction to rule on the motion by virtue of the finality provision of Rule 1:1 of the Rules of the Virginia Supreme Court.

Rule 1:1 provides in pertinent part that "[a]ll final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended *for twenty-one days after the date of entry, and no longer.*"

(Emphasis added). Unless the Court enters an order modifying, vacating, or suspending the final order, it loses jurisdiction after twenty-one days, and any order entered thereafter is void for want of jurisdiction. *Va. Dept. Corr. v. Crowley*, 227 Va. 254 (1984). The fact that the Court takes a post-judgment motion under advisement is of no consequence because such action does not modify, vacate, or suspend a final order. *In re Commonwealth, Dept. of Corr.*, 222 Va. 254 (1984).

The last order of record in this case was entered on February 15, 1988. It dismissed the Commonwealth's appeal with prejudice and was final in its effect. On February 19, 1988, after hearing oral argument, the Court took the Commonwealth's Motion to Reconsider under advisement. However, no order has been proffered or entered which, under Rule 1:1, modified, vacated, or suspended the February 15, 1988, order. Consequently, the twenty-one day period was never tolled and has since elapsed, thereby precluding this Court from exercising continuing jurisdiction.

Were the Court not precluded from exercising jurisdiction, it would be inclined to rule in the Commonwealth's favor. The right to appeal is statutory in nature, and the method which the legislature prescribes to perfect that right is exclusive. *The Covington Virginian v. Woods*, 182 Va. 538, 543 (1944). A court may neither expand upon nor ignore these rules without express statutory authority. *See id.*

In order to perfect an appeal from a general district court to a circuit court, the appellant must follow the procedures specified in Va. Code §§ 16.1-106 and 16.1-107 (Repl. Vol. 1982). Under those provisions, an appellant must note an appeal within ten days of the entry of the district court's judgment; post a bond with sufficient surety as approved by the judge or his clerk, unless the Commonwealth is the party seeking an appeal; and pay the appropriate writ tax and costs imposed by the circuit court. Unlike the required procedure for appealing other decisions, neither § 16.1-106 nor § 16.1-107 requires counsel for the appellant to give notice to opposing counsel. *Compare* §§ 16.1-106 and 16.1-107 with Rules 2A:2, 5A:6(a) and 5:9(a) which require notice for appeals from administrative agency decisions to the circuit court,

appeals to the Court of Appeals and appeals to the Supreme Court, respectively. The only notice to which Defendant is statutorily entitled is that which the Clerk of Court is required to give under Va. Code § 16.1-112 (Repl. Vol. 1982).

The Court is of the opinion that the Commonwealth properly noticed and perfected its appeal under §§ 16.1-106 and 16.1-107. However, since it lacks jurisdiction under Rule 1:1, the Court declines to so rule.