# CIRCUIT COURT OF CHESTERFIELD COUNTY

Sheila Kuykendall

v.

Chesterfield County

December 21, 2000

Case No. CL00-906

BY JUDGE CLEO E. POWELL

This matter was heard December 12, 2000, on the County's Motion to Dismiss the plaintiff's Motion for Judgment. The Court has considered the evidence proffered and arguments made and now rules as follows.

Assuming without deciding that the plaintiff is a person under a disability, she is still required to post a bond to perfect her appeal of the denial of her claim by the Chesterfield County Board of Supervisors. Virginia Code § 15.2-1246 specifically lays out the requirements necessary to perfect an appeal of the disallowance of a claim, and a bond with sufficient surety is one such requirement. No provision is made that certain persons may have the bond waived, regardless of their disabled status. The Plaintiff argues that Va. Code § 8.01-676.1(M) relieves her of the necessity of posting the appropriate bond, but her reliance thereon is misplaced. Section 8.01-676.1(M) only applies to appeals to the Court of Appeals and the Supreme Court. Furthermore, the definitions in § 8.01-669 at the head of the chapter make clear that the appeal requirements which follow in that and subsequent chapters apply *only* to those cases before either the Court of Appeals or the Supreme Court, and not to any other cases before any other courts.

Section 8.01-669 defines "petitioner" as a party who seeks to appeal to either the Court of Appeals or the Supreme Court; "appellant" as a party who

actually has an appeal of right or who has been granted an appeal by the Court of Appeals or the Supreme Court; and "appellate court" as either the Court of Appeals or the Supreme Court. The General Assembly's use of the term "or" in defining "appellant" reflects a distinction to be made between appeals of right, many from the State Corporation Commission, and those granted upon the appellant's petition for appeal.

Because her appeal was to this Circuit Court, and not to either of the Commonwealth's higher courts, the plaintiff was required to post an appropriate bond and failure to do so constitutes a fatal defect in this Court's jurisdiction.

Furthermore, an appropriate bond is one that meets the requirements of § 15.2-1246, one that is executed "with sufficient surety to be approved by the clerk of the governing body. . . ." Va. Code Ann. § 15.2-1246. The plaintiff's attempt to post a bond of $300.00 by depositing a check for that amount with the Clerk of the Board of Supervisors was without the statutorily required surety and therefore was insufficient to perfect her appeal, regardless of the amount of money posted. Failure to substantially comply with the statutory requirements renders the bond void, and the Supreme Court has consistently ruled that a check, even a certified check, without surety, is not substantial compliance and is fatal. See *Parker v. Prince William County*, 198 Va. 231, 93 S.E.2d 136 (1956); *Clinch Valley Lumber Corp. v. Hagan Estates*, 167 Va. 1, 187 S.E. 440 (1936); *Brooks v. Epperson*, 164 Va. 37, 178 S.E. 787 (1935).

For these reasons, the plaintiff failed to perfect her appeal by properly posting an appropriate bond and this Court has no jurisdiction to hear her case.