## CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Pelliccia

v.

McKeithen

October 10, 2002

Case No. (Chancery) 02-25

BY JUDGE EDWARD L. HOGSHIRE

The Court has considered Respondent's motion to reject Complainant's invocation of the Fifth Amendment privilege and to compel her to respond to interrogatories and deposition questions. For the reasons stated below, the Court denies Respondent's motion to compel.

The facts of the case are not in dispute. On February 27, 2002, Complainant filed a suit against Respondent to partition jointly held property. Respondent then filed an Answer and Cross-Bill on March 21, 2002, in which he alleged that Complainant had forged his signature to a certain bank document concerning the final inspection performed on the property. In her response, Complainant denied the forgery and refused to answer six questions relating to the matter. During her deposition on July 24, 2002, Complainant testified in response to questions about the home inspector and the inspection. Then, Complainant's lawyer objected and advised his client on the Fifth Amendment privilege against self-incrimination, which she subsequently invoked. Respondent now moves to compel Complainant to respond to interrogatories and deposition questions concerning the alleged forgery.

Respondent asserts the applicability of the common-law "sword and shield" doctrine, which provides that a moving party in a civil action may have her complaint dismissed when she exercises her privilege against self-incrimination to refuse to answer questions pertinent to the issue involved.

*See Davis v. Davis*, 233 Va. 452, 457 (1987). However, Code of Virginia § 8.01-223.1 states, "[i]n any civil action the exercise by a party of any constitutional protection shall not be used against him." The Virginia Court of Appeals ruled in *Travis v. Finley*, 36 Va. App. 189, 198 (2001), that Code § 8.01-223.1 superceded the "sword and shield" doctrine under similar facts, since to dismiss a complaint would be the gravest conceivable consequence for invoking a constitutional protection. Accordingly, the Court declines to dismiss the complaint on the grounds of the "sword and shield" doctrine.

Respondent further objects to the manner in which the privilege was asserted. The Court has reviewed the transcript of Complainant's July 24, 2002, deposition and has determined that the privilege was properly invoked by Complainant herself on page 86, lines 16-17. The fact that Complainant's lawyer stated his objection to the line of questioning just prior to the invocation was not sufficient itself to invoke the privilege, but rather had the proper effect of providing her with a clear understanding of the waiver's nature and effect. The Court further finds no basis for the allegation that the privilege was improperly asserted as a blanket privilege. Complainant invoked the privilege with respect to a specific question, and Respondent's lawyer did not ask any additional questions on the issue, providing Complainant with no subsequent opportunities to invoke the privilege.

Respondent finally alleges that Complainant waived her privilege against self-incrimination in her Response to Respondent's Answer and Cross-Bill by denying the allegation contained in paragraph 22 of Respondent's Answer and Cross-Bill, dated March 21, 2002. Waiver of a legal right will be implied only upon clear and unmistakable proof of the intention to waive such right, for the essence of waiver is voluntary choice. *Travis v. Finley*, 36 Va. App. at 200. The fact that Complainant provided testimony on matters relating to the final home inspection, but not related to the alleged forgery itself, does not amount to "the intentional doing of an act inconsistent with claiming [the privilege]," as required by *The Covington Virginian v. Woods*, 182 Va. 538, 547 (1944). Therefore, because Complainant has done nothing to sufficiently communicate an intention to waive her privilege against self-incrimination, the Court declines to recognize a waiver.

Finding that Complainant properly invoked her Fifth Amendment right, Respondent's motion to compel is denied.