THE EXPRESS PUB. CO. v. THE ALDINE PRESS.

126
221

347
³170

ERROR TO THE COURT OF COMMON PLEAS OF NORTHAMPTON
COUNTY.

Argued March 14, 1889—Decided May 13, 1889.

1. When a specification of error relates to the admission of depositions objected to because they were not taken in conformity with the Rules of Court, and these Rules of Court are not made known to the Supreme Court, the specification will not be considered.
2. The interlineation of the word, "by," over the word, "before," in a written contract to complete work by a certain time, does not change the legal effect of the instrument, and will not render the contract inadmissible in evidence.
(*a*) A written order for work to be done contained a notice that it was subject to acceptance "on the face as written," and that no one was authorized to change, modify, or in any way affect the writing by verbal agreement or otherwise.
3. An offer of parol evidence which does not propose to show a contemporaneous parol agreement which induced the party offering the evidence to sign such order, but simply the declarations of an agent made when the order was signed, is not admissible.

Before STERRETT, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 161 January Term 1889, Sup. Ct.; court below, No. 80 April Term 1887, C. P.

On April 11, 1887, an appeal was entered by the defendant from the judgment of a justice of the peace for $234.50, in an action by The Aldine Press against The Express Publishing Company, brought to recover damages for the breach of a contract for the sale and purchase of certain blank advertising sheets. Issue.

At the trial on November 25, 1887, the following facts appeared:

The Aldine Press Company were the publishers of an illustrated calendar called an Octavo Annual. There were blank spaces for advertisements on the sheet, and it was sold by The Aldine Press to country newspapers with the imprint of the

Statement of Facts.

purchaser on it. The purchasing paper was to solicit and print advertisements in the blank spaces and issue the sheet as their own publication.

Howard Mutchler, the business manager of The Express Publishing Company, signed the following order upon the application of a canvasser of The Aldine Press:

*Easton, Pa., March 5, 1886.*

To GEORGE LINGARD, Sec. & Treas.,
    at 40 Vesey Street, New York.

SIR:
Print for *us* an edition of your Octavo Annual Sheet for 1887, *Five thousand* sheets 24×38 inches, 32 pages, according to sample and Price List herewith, and by *June 25th* MAIL 8 blank dummies, for our use in canvassing (not samples) . . . . at $187.50

ALSO, 5000 Illuminated Covers for same, printed complete, except top title space, imprint and special matter . . . at $ 45.00

Amounting in all to . . . . . . . . . $232.50

which sum *we* hereby promise to pay, to your order, by *four months note before* or cash, on delivery of the above *subject to countermand by June 15th*, 1886. THE FOLLOWING are the representations and conditions on which this order is made and to which, in case of acceptance, you are bound.
—The quality and workmanship of the edition must be equal to sample.
—Imprint is to be added on title page of sheet without charge.
—Edition, unfolded, to be delivered as per order herewith.
—You are not to supply an edition of this sheet, for the year 1887 to any other party in    { *Warren Co. N. J. or*
                                                 { *Northampton Co., Pa.*

| CAUTION. Do NOT SIGN until you have read the NOTICE on adjoining page relative to Agents' authority, &c. |
| --- |

[*Signed,*]   *HOWARD MUTCHLER,*

*Business Manager,*

*Express Pub. Co.*

*References: First National Bank, Easton, Pa.*

The portions of the above contract in *italics* were written; the rest of the contract was printed. The "notice on the adjoining page" was as follows:

NOTICE.

40 Vesey Street, New York, Jan. 2, 1886.
THIS ORDER FORM IS, when signed, merely a business letter of the signer to the party addressed.

### Statement of Facts.

It is expressly designed to set forth everything offered and expected, so as to prevent misunderstandings from haste, inadvertence, or any other cause.

All orders are solicited, subject to acceptance in New York City on the face, as written.

No one, away from this office, is authorized, at any time, to verbally or otherwise change, modify, or in any way affect the writing, which is the only thing considered and acted upon here.

PAYMENT ON ACCOUNT of orders must be made only to the order of the Aldine Press, or of the undersigned,

GEORGE LINGARD, Sec. & Treas.

On June 16, 1886, The Aldine Press notified The Express Publishing Company of their acceptance of the order, sent them a copy of the same, with notice of their acceptance, and on June 21, 1886, sent them the eight blank dummies for use in canvassing. On August 21, 1886, The Express Publishing Co. wrote a letter to The Aldine Press, saying:

" GENTLEMEN:—Some time since we contracted with a representative of your house for the pictorial annual for 1887, with the understanding that it should not be sold to any other house in this vicinity. We have learned that the Easton Free Press also made a contract for an annual published by you. We, therefore, revoke our order, and hereby notify you that we do not feel bound to live up to contract, whether the sheets are printed, or not."

This letter was replied to by The Aldine Press, on August 23, 1886, as follows:—

" GENTLEMEN:—Yours of 21st received. We do not know that we understand you. Have you not before you the duplicate of your order for pictorial annuals which we sent with notice of our acceptance? All the understandings we know of, are very clearly expressed, and made conditions. Your sheets have been printed as you ordered and, as we shall live up, in every detail, to our contract, we shall expect you to do the same. Outside of any legal obligation, we will say that we had an order from Easton for a totally different book—size, shape and contents—but the party objecting to yours, because of the patronage he might lose from his, we concluded to let him go, and shall not supply him anything."

On September 21, 1886, the annuals and covers were sent to The Express Publishing Company, and payment therefor requested. Payment being refused this suit was brought.

The plaintiff offered in evidence certain depositions which were objected to because §§ 77 and 82 of the Rules of Court had not been complied with, and because there was attached to said depositions a copy of the order dated March 5, 1886, and that said order contained certain alterations and interlineations.

By the court: Objections overruled; exception.[1]

The plaintiff then offered the order or contract in evidence, which was objected to because of alterations and interlineations alleged to have been made as follows: The date line at the top and the reference at the bottom, and the words "June 25" between the words, "and by," and, "mail," and also the word "before" written over the word "by" between the words "countermand" and "June 15" were written in the paper after it left Mr. Mutchler's hands.

By the court: The first question is whether or not it is a material alteration. If it is not a material alteration, then we would not take any notice of it; if it is a material alteration, then my recollection of the rule is, that it is a question of fact for the jury; they have the instrument before them and they must determine whether it was made before or after the execution of the contract. The objection is overruled; exception.[2]

The plaintiff also offered in evidence the annuals ordered by the Easton Free Press, and never delivered. Objected to.

By the court: Objection overruled.[3]

In his case in chief, the defendant offered to prove by a witness produced that the plaintiff sold some of their blanks to the Easton Free Press. Objected to.

By the court: objection sustained.[4]

The defendant further offered to prove by Howard Mutchler that before the execution of the instrument in suit by the witness, and when the agent read to him the clause, "You are not to supply an edition of this sheet, for the year 1887, to any other party in Warren county, New Jersey, or Northampton county, Pennsylvania," the witness objected to signing the contract, and that the agent at that time stated to him that the words, "edition of this sheet," meant any sheet published by the plaintiff for that year; and that after the agent had made this statement, and on the faith of that statement, the witness signed the paper, and that the agent also said that he had just arrived in town and that if the witness would sign the contract,

he would go out of town without seeing any other persons, and that on the strength of this explanation and representation the witness signed the contract.

Objected to, for the reason that it is an endeavor to make an entirely different and distinct contract from the one actually made; that the contract is by no means ambiguous and that there is no allegation of fraud, accident or mistake in the execution of it.

By the court: Yes, there is an allegation of fraud.

Objected to further, that it is not competent for the agent to alter or vary the contract by anything that he might say to the witness, without notice to the Aldine Press Company, either expressed or implied; that anything that the agent could say would be entirely unauthorized, and that the witness had no right in the face of that notice to listen to any representations made by the agent.

By the court: Objection sustained; exception.[5]

The jury returned a verdict in favor of the plaintiff for $234.50. Judgment having been entered on the verdict, the defendant took this writ assigning as error:

1–3. The admission of plaintiff's offers.[1 to 3]

4, 5. The refusal of defendant's offers.[4 5]

*Mr. Wm. Fackenthal* (with him *Mr. O. H. Meyers*), for the plaintiff in error.

*Mr. H. D. Maxwell*, for the defendant in error.

OPINION, MR. JUSTICE McCOLLUM:

The jury found under instructions which are not complained of, full performance by The Aldine Press of its contract with The Express Publishing Company; and the specifications of error call in question nothing but the rulings of the court upon offers of evidence.

The first specification relates to the admission of certain depositions taken upon a commission issued for that purpose, and the objection to them was that §§ 77 and 82 of the Rules of the Court of Common Pleas of Northampton county, concerning depositions, had not been complied with. As these

rules were not printed for our information and we were not even told what they were, we cannot say whether there is, or is not, merit in the objection, and as no argument was made in support of this specification it is considered as abandoned.

The second specification refers to the admission of the printed and written order made by The Express Publishing Company upon The Aldine Press, and accepted by the latter. This constituted the contract between the parties. It was objected to because of an interlineation appearing upon its face. This consisted of the word "before," written over the word "by." There was no erasure in the contract and the interlineation was not material. A contract to complete work by a certain time, means that it should be done before that time: Rankin v. Woodworth, 3 P. & W. 48. An alteration is immaterial which does not change the legal effect of the instrument: Miller v. Reed, 27 Pa. 244.

The third specification is to the admission of evidence which was offered and received in the court below without objection, and to which no exception was taken there. The most that can be said of this evidence is that it was not material as the case then stood; but we cannot see that it could inflict any injury upon the defendant.

The fourth specification is to the rejection of an offer by defendant, which· was clearly incompetent when made, and which was not afterwards renewed, or made competent by any evidence in the cause. More than this, we cannot find that any exception was taken or bill sealed to the court's refusal to allow it.

We think the offer contained in the fifth and last specification was properly denied. It did not propose to show a contemporaneous parol agreement which induced the defendant to sign the order, but merely that the agent said the words, " edition of this sheet," meant any sheet published by The Aldine Press, and it was not accompanied by an offer to prove that any "other party in Warren county, N. J., or Northampton county, Pa.," was supplied by The Aldine Press with any of its publications for the year 1887. Besides, the defendant had distinct notice before signing the order that it was subject to acceptance on its face as written, and that no one was authorized to change, modify or in any way affect the writing, by verbal agreement or otherwise.

The order called for the mailing to defendants of "eight blank dummies by June 25th, and Howard Mutchler testified that the words and figures written in a blank space in the order were not in it when it was signed, but there was no attempt to prove that a different time was fixed for the mailing of the dummies than that stated in the order. It is in evidence and not contradicted, that defendant's order was accepted by The Aldine Press, June 16, 1886, and that a duplicate of the order with the acceptance stamped upon it was mailed the same day to the proper address of the defendant. That it was received by the defendant by due course of mail, is presumed and not denied. Yet, not until the 21st of August following was any attempt made to countermand the order, and then not upon the ground that it had been altered, or that the defendant had been duped into signing it, but upon the claim that The Aldine Press had agreed to supply another party with one of its publications for the year 1887.

We are of opinion that all of the specifications are without merit, and that the plaintiff in error has no just cause to complain of the rulings of the court or the verdict of the jury.

The judgment is affirmed.