# Richmond

TALBOT W. JENKINS V. PHILIP O. FAULKNER, ET ALS.

October 9, 1939.

Record No. 2094.

Present, All the Justices.

*R. Gray Williams* and *J. Sloan Kuykendall,* for the plaintiff in error.

*Herbert S. Larrick* and *Philip O. Faulkner,* for the defendant in error.

BROWNING, J., delivered the opinion of the court.

The appellees in this case were the plaintiffs in the trial court and the appellant was the defendant. They will be referred to hereafter as they were there related.

The plaintiffs instituted attachment proceedings against the defendant upon certain indebtedness in the alleged sum of $300.00, which was payable in six installments of $50.00 each. Only one of these installments was due at the time that the attachment was issued. Of this we shall say more presently.

The proceedings were made returnable to the first day of the succeeding term of the trial court, which was June 6, 1938. On that date the defendant secured a continuance and the trial was fixed for June 13, 1938. The defendant filed a motion to quash the attachment and stated his grounds of defense. A further effort upon the part of the defendant for a continuance was denied and his motion to quash was overruled. The parties agreed to try the case without a jury. Counsel for the plaintiffs made an opening statement. The defendant's counsel did not exercise this right. A witness for the plaintiff was sworn and placed upon the stand but before any question was asked him it was disclosed that the writ tax had not been paid, and thereupon a motion was made to dismiss the proceedings for the failure of the plaintiffs to comply with the provisions of section 6387 of the Code (as amended by Acts 1924, ch. 205), requiring the payment of the writ tax. The plaintiff then paid the writ tax to the clerk in open court. The court allowed such payment as a compliance with the statute and overruled the motion to dismiss. The trial was then concluded, resulting in a judgment for the plaintiff. A reconsideration of the case was granted, at which counsel for both sides were heard. The court confirmed its previous decision.

Section 126 of the Tax Code (Code 1936, Appendix, p. 2436) provides for a writ tax upon suits. In this case it is $1.00. Section 6387 of the Code of Virginia is in part as follows:

" * * * * When any attachment is so returned the plaintiff therein, shall within thirty days from the date upon which said return is actually made, or if a trial be sooner had, then before such trial, pay to the clerk of the court to which the return is made the proper writ tax as fixed by law, if not already paid, and, in the event of his failure to do so, the attachment shall stand dismissed *ipso facto* at the cost of the plaintiff, and no further proceedings shall be had thereon."

It will be noted that the statute contains two requirements as to the time of the payment of the writ tax. The first is that it shall be paid "within thirty days from the

date upon which said return is actually made," the second is that "if a trial be sooner had, then before such trial." In this case the first requirement was met, so that is out of the picture. We are alone concerned with the legal signifi-cance of the phrase "before such trial." This means, of course, that we must define the meaning of the statute in the relation under consideration.

In the case of *Senter* v. *Lively,* 160 Va. 417, 168 S. E. 328, the writ tax was not paid within the thirty day lim-it and the attachment stood dismissed *ipso facto.* There, this court said, through Mr. Justice Hudgins: "The dis-missal is in the nature of a non-suit."

This court has held in a number of cases that a non-suit might be suffered by the plaintiff at any time before submission of the case to the jury, or to the court, as the case may be. Most of the cases from this and other juris-dictions which construe the meaning of the phrase "before trial" make use of the analogy between a dismissal for fail-ure to comply with a statutory requirement as to time for the performance of a condition, and a non-suit. See *Harri-son et als.* v. *Clemens, Road Comm., etc.,* 112 Va. 371, 71 S. E. 538; *Kemper* v. *Calhoun,* 111 Va. 428, 69 S. E. 358.

In the case of *Molen, et al.* v. *Denning & Clark Livestock Co.,* et al., 56 Idaho 57, 50 P. (2d) 9, 10, a statute was con-strued. The portion material here is as follows: "An action may be dismissed or a judgment of non-suit entered in the following cases:

"(1) By the plaintiff himself at any time before trial, upon the payment of costs, provided a counter claim has not been made or affirmative relief sought by a cross complaint or answer of defendant."

The court said:

"It seems clear that a trial has not been had until the evi-dence is all presented to the jury and they have been in-structed as to the law, and the case has been finally sub-mitted to them for decision. As to whether it is concluded until the verdict is returned or the findings are filed is not involved in this inquiry, and we make no commitment there-

on. It has been held in a criminal case that trial is not completed until the verdict has been returned. *Thomas* v. *Mills,* 117 Ohio St. 114, 157 N. E. 488, 54 A. L. R. 1220. It should be noted that the statute does not read 'before the commencement of trial', but rather says 'before trial'. Our statute was adopted from California and it seems to have been the uniform holding in that state that the words 'before trial' mean any time before the final submission of the case to the court or jury for final determination."

We are impressed with the force, justice and clarity of the reasoning of the learned judge of the trial court expressed in his opinion, which is a part of the record in this case.

■■ " * * * In construing a statute its purpose is to be sought. The purpose of this provision, obviously, is to insure promptly and certainly the payment of a tax; it has no relation to the right or procedure of the action. For certainty of payment it was wise to require the plaintiff to pay before judgment was rendered, for if that were adverse there would be no incentive for payment. This being the purpose, why should the construction be that the statute means before the beginning of the trial rather than before the ending of the trial? The rule of reason should be applied. Trial means a hearing and determination. * * *"

Sections 6018 and 6409 of the Code of Virginia seem to accentuate the wholesome purpose of disregarding formal defects that the attainment of the ends of substantial justice may be had. See *Jenkins* v. *Bertram,* 163 Va. 672, 177 S. E. 204.

The case of *Wilfong* v. *Jackson* (W. Va.), 198 S. E. 134, 135, in construing a statute of the State of West Virginia, said, in speaking of the action of the trial court dismissing the case:

"The ground of the court's dismissal is that there had been failure of compliance with the 1931 Act respecting the deposit of $5.00 for clerk's costs, the court being of opinion that the deposit should have been made with the justice

and transmitted by him to the clerk along with the transcript."

It was further said that the action of the court was based on the decision in the case of *Van Faussen* v. *Loan Company*, 114 W. Va. 552, 172 S. E. 716. As to this the court held as follows:

"To the extent that the Van Faussen case holds that the deposit of a five-dollar clerk fee with the justice, to be transmitted by him to the clerk, is a condition precedent to an appeal, that case is disapproved and overruled."

For the first time, so far as we can glean from the record, the defendant raises in this court the impropriety of a judgment for the plaintiffs because of the provisions of section 6385 of the Code, the material part of which is as follows:

"If a principal defendant shall file in the Clerk's Office of the court to which the attachment is returnable an affidavit of himself, his agent or attorney, that he has a substantial defense to the merits of the plaintiff's claim, it shall be the duty of the Clerk forthwith to notify the plaintiff, his agent or attorney, of that fact, and the attachment shall stand dismissed *ipso facto* unless within ten days from the service of such notice the plaintiff, or someone for him, shall enter into bond with security approved by such Clerk. * * *"

█ The record fails to show that there was a compliance by anybody with this section, or that it was relied upon at all, or that it was before the trial court for its consideration. It is elementary that an issue cannot be considered by this court which was not pleaded in the trial court.

The same observation is applicable to the belated defense that only one installment of the claim, which is the basis of the attachment, was due at the time of the trial, and, therefore, judgment was limited to the sum then due. Section 6404 of the Code.

█ In the appellant's brief, wonderment is expressed that the word "before" should be construed to mean "after", and, if so, then the language of the legislature could be con-

strued to mean almost anything in order to conform it to the opinion of the courts. If this were the literal effect of the trial court's judgment in this case, which we refute, it might seem incongruous; however, we find in the text of so great a work as Corpus Juris Secundum, Vol. 10, p. 231, the following:

" 'Before', under particular circumstances, has been held to be interchangeable with 'by'; of similar import with the words 'at,' 'correlative of "after",' 'from', 'succeeding', 'until', and 'within.' "

The case of *Express Pub. Co.* v. *Aldine Press,* 126 Pa. 347, 17 A. 608, 609, is cited as supporting the text.

Tax-gathering is the purpose of the writ-tax statute. It is not intended to penalize a litigant.

We think the judgment of the court is right and it is affirmed.

*Affirmed.*