Richmond

STEVE GODLEWSKI, ET AL.

V.

WILLIAM GRAY

April 24, 1981.

Record No. 790206.

Present: All the Justices.

*Gerard S. Rugel* for appellants.
No brief or argument for appellee.

COMPTON, J., delivered the opinion of the Court.

In this civil appeal, the sole question is: In an appeal to the appropriate circuit court, what is the time within which bond must be given by a party appealing a judgment rendered in a court not of record in a civil case?

In 1977, appellants Steve Godlewski and Holly Schrieber filed separate civil actions by warrant in the General District Court of Arlington County seeking recovery of damages against appellee William Gray for alleged malicious prosecution. The cases were consolidated for trial and judgment in favor of the plaintiff for $1250 was entered in each action by the district court in March of 1978.

Within 10 days after the judgments, defendant "noted" appeals of right to the circuit court pursuant to Code § 16.1-106.[1] The district court, seven days after the judgments, set bond in each case at $1300. The respective bonds were posted by defendant in the district court 17 days after entry of the judgments. *See* Code § 16.1-107, which does not set a time limit for giving bond.[2] The appeals were duly

---

[1] As pertinent here, § 16.1-106 provides:

From any ... judgment rendered in a court not of record in a civil case in which the matter in controversy is of greater value than fifty dollars, ... there shall be an appeal of right, if taken within ten days after such order or judgment, to a court of record.

[2] Section 16.1-107, as relevant here, provides:

No such appeal shall be allowed unless and until the party applying for the same or someone for him shall give bond ... to abide by such judg-

docketed in the circuit court 20 days after judgment. Code § 16.1-112.[3]

Godlewski and Schrieber filed motions to dismiss the appeals, contending the circuit court lacked jurisdiction because the bonds had not been posted in the district court within 10 days of judgment. The motions were denied and, subsequently, the circuit court, following a consolidated trial *de novo,* entered judgment in each case in favor of defendant, from which we awarded plaintiffs this appeal.

Noting this court has held that "[t]he statutory requirements for appeal bonds have always been construed as mandatory," and that "the exercise of appellate jurisdiction [is] confined to the provisions of the written law," *The Covington Virginian, Inc.* v. *Woods,* 182 Va. 538, 543, 29 S.E.2d 406, 408 (1944), plaintiffs argue the circuit court lacked appellate jurisdiction over the cases. To support their contention that the appeal bonds should have been posted within 10 days of the district court judgments, plaintiffs rely on the provisions of Code § 16.1-106 and § 16.1-107, and the language of the predecessors to those statutes.

Plaintiffs point out that in 1942 the statute dealing with appeals of civil cases triable before civil and police justices provided that "no appeal shall be granted unless within ten days from the date of the judgment from which the appeal is sought the party applying for the same shall have given bond." § 3106, Code of 1942. Plaintiffs also note that when the Code for Virginia was "rewritten" in 1950, the foregoing provision of former § 3106 was included verbatim in the bond provisions of the new chapter dealing with civil and police justices. § 16-104, Code of 1950. Plaintiffs further observe that in 1956, when Title 16 of the Code dealing with courts not of record was revised, present § 16.1-107, note 2 *supra,* developed from former § 16-

ment as may be rendered on appeal if such appeal be perfected, or if not so perfected, then to satisfy the judgment of the court in which it was rendered; . . .

In addition to the foregoing, the party applying for appeal shall, within thirty days from the date of the judgment, pay to the clerk of the court from which the appeal is taken the amount of the writ tax of the court to which the appeal is taken and costs as required. . . .

[3] In pertinent part, § 16.1-112 provides:

The judge or clerk of any court from which an appeal is taken . . . shall promptly transmit to the clerk of the appellate court the original warrant or warrants or other notices or pleadings with the judgment endorsed thereon, together with all pleadings, exhibits and other papers filed in the trial of the case, the required bond or the money deposited in lieu of such bond and the writ tax and costs paid pursuant to § 16.1-107. Upon receipt of the foregoing by the clerk of the appellate court, the case shall then be docketed.

104 minus a provision setting a 10-day time limit for posting a bond.

From this legislative history, plaintiffs argue the "key language" now is in § 16.1-106, note 1 *supra,* which specifies an appeal must be "taken within ten days." They contend that the question thus becomes: "What are the requirements for 'taking' an appeal?" They say the answer to that query is found in the language of § 16.1-107 that provides no appeal shall be allowed "unless and until" the appellant "shall give bond." From this language of 106 and 107, plaintiffs conclude "that in order for an appeal to be 'taken' an appropriate bond must be posted within ten days of the order or judgment of the General District Court." We do not agree.

Prior to 1956, Title 16 of the Code dealt with courts not of record and embraced generally trial justice courts, civil justice courts, police justice courts, civil and police justice courts, and juvenile and domestic relations courts. Except for the latter class of courts, the statutes governing jurisdiction, venue and procedure in courts not of record referred to the old justice of the peace statutes; many of those references were vague and unclear upon matters of procedure. *Report of Virginia Code Commission on Courts Not of Record, Title 16,* S. Doc. No. 12 at 4 (1956). Illustrative of the confusing requirements were the provisions of the 1950 Code dealing with time limits for posting appeal bonds. No time period was specified for filing a bond in an appeal from a civil judgment from a trial justice, *see* Code § 16-80, but a 10-day limit was established for giving bond in a civil appeal from a civil and police justice, *see* Code § 16-104, cited by plaintiffs.

Consequently, the 1956 General Assembly, acting upon recommendations of the Code Commission, revised, rearranged, amended and recodified the general laws relating to courts not of record. In the process, the legislature repealed Title 16 of the Code and added in lieu thereof new Title 16.1. Acts 1956, ch. 555 at 854. "County courts" were created to include all courts in counties theretofore designated as trial justice courts, and "municipal courts" were established to include all courts in cities theretofore named civil courts, civil justice courts, police courts, civil and police courts, and traffic courts. Code § 16.1-5 (Repl. Vol. 1960).

As enacted in 1956, § 16.1-107, codified among the general provisions relating to procedure in civil cases in courts not of record, included only the first paragraph of the present statute. *See* note 2 *supra.* Significantly, the statute, like former § 16-80 and unlike former § 16-104, set no time period within which to post bond in a civil appeal.

Subsequently, in 1972, at the time of establishment of the present

system of general district courts as courts not of record, *see* Acts 1972, ch. 708, the General Assembly added the present second paragraph to § 16.1-107, note 2 *supra,* setting a 30-day limit for payment of the writ tax and costs in a civil appeal. Acts 1972, ch. 585. At the same time, the legislature amended § 16.1-112 to its present form. *See* note 3 *supra.* That section requires (1) prompt transmittal from the court not of record to the appropriate court of record of, among other items, the appeal bond and the writ tax and costs paid pursuant to § 16.1-107 and (2) docketing of the appeal in the circuit court upon receipt of the foregoing items. Acts 1972, ch. 585.

In light of the foregoing recitation of legislative history surrounding appellate procedure in civil cases in courts not of record generally, and bond time limits specifically, we must construe the enactments and decide when the appeal bond must be filed.

■ Manifestly, the limit is not 10 days. Even though some of the pre-1956 enactments established a 10-day limit, the 1956 revision omitted such a requirement. We invoke the elementary rule of statutory construction that when, as here, a statute such as § 16-104 is revised, or when, as here, one act is framed from another, and portions of the former are omitted, the missing part will not be revived by statutory construction but will be considered as annulled and revoked. A contrary holding would have to be based on a presumption that the omission was inadvertent and would require us to "impute to the legislature gross carelessness, or ignorance," an exercise in which we will not engage. *Combined Saw & Planer Co.* v. *Flournoy,* 88 Va. 1029, 1034, 14 S.E. 976, 977 (1892), quoting *Ellis* v. *Paige,* 18 Mass. (1 Pick.) 43, 45 (1823). Thus, the General Assembly in 1956 must be deemed to have intentionally eliminated the 10-day limit from the statutory scheme.

■ Consistent with annulment of the 10-day provision, we hold the 1956 enactments, when considered with the 1972 changes, implicitly establish a 30-day limit for giving bond. In addition to the 1956 statutes already discussed, Code § 16.1-97 was also enacted that year to permit the court not of record to consider, within 30 days of judgment, a motion for new trial. Acts 1956, ch. 555 at 878. Then, in 1972, the second paragraph was added to § 16.1-107, note 2 *supra,* allowing 30 days for the party applying for appeal to pay the writ tax and costs. Finally, § 16.1-112, enacted in 1956 and revised in 1972, requires prompt transmittal of the appellate papers, including the bond, to the circuit court, but permits those papers to be held below for 30 days until the writ tax and costs are paid to the clerk of the court not of record. Therefore, because the statutory framework

explicitly allows 30 days for the appellant, and the clerk of the court not of record, to complete all the other requirements for the appeal, except the appellant's perfunctory § 16.1-106 act of "noting" or "taking" the appeal, we believe the General Assembly meant to permit the often involved, time-consuming process of giving bond likewise to be completed within 30 days of the date of judgment.

For these reasons, we think the circuit court correctly overruled plaintiffs' respective motions to dismiss. Consequently, the judgments appealed from will be

*Affirmed.*