RUTH HURST

V.

ROBERT E. BALLARD, ET AL.

Record No. 821811

J. H. SARVER

V.

ROBERT E. BALLARD, ET AL.

Record No. 821857

November 27, 1985

Present: All the Justices

*L. Richard Padgett, Jr.*, for appellant. (Record No. 821811.)
*James A. Hartley (Martin, Corboy & Hartley*, on brief), for appellees. (Record No. 821811.)
*Randal J. Kirk*, for appellants. (Record No. 821857.)
*James A. Hartley (Martin, Corboy & Hartley*, on brief), for appellees. (Record No. 821857.)

STEPHENSON, J., delivered the opinion of the Court.

The sole issue before us is whether, in an appeal of a civil case from a general district court to a circuit court, payment of the writ tax within the provided period is jurisdictional.

Robert E. Ballard and others* (collectively, Ballard) obtained a judgment against Ruth Hurst and J. H. Sarver (collectively, Hurst) in the General District Court of Giles County. After noting an appeal, Hurst gave the required appeal bond but did not pay the clerk of the district court the writ tax until after the prescribed 30-day period. Nevertheless, the record was transmitted from the district court to the circuit court where the case was docketed. The circuit court ruled that the writ tax requirement is jurisdictional and dismissed the appeal. We granted an appeal to the circuit court's judgment.

Prior to legislative changes made in 1972, Acts 1972, ch. 585, the writ tax requirement was set forth in Code § 16.1-112, which provided in pertinent part:

If within thirty days from the date of the judgment the appellant shall pay to the clerk of the court to which the appeal is taken the amount of the writ tax as fixed by law and costs as required by [statute], the case shall be docketed; but if the writ tax and costs be not so paid within thirty days from the date of the judgment, the appeal shall thereupon stand dismissed and the judgment shall become final, . . . .

* The other appellees are Lea Sue Corell, Roy I. Ballard, and Ruth B. Corbett.

■ Hurst concedes that the writ tax requirement under former Code § 16.1-112 was jurisdictional, but contends that the replacement legislation, Code § 16.1-107, changes the requirement's jurisdictional effect. We do not agree.

Code § 16.1-107 provides in pertinent part:

No such appeal shall be allowed unless and until the party applying for the same or someone for him shall give bond . . . to abide by such judgment as may be rendered on appeal if such appeal be perfected, or if not so perfected, then to satisfy the judgment of the court in which it was rendered;
. . . .
In addition to the foregoing, the party applying for appeal shall, within thirty days from the date of the judgment, pay to the clerk of the court from which the appeal is taken the amount of the writ tax of the court to which the appeal is taken and costs as required by [statute].

■ When drafting the second paragraph of Code § 16.1-107 in 1972, the General Assembly was aware of the jurisdictional effect of the prior legislation. The General Assembly had the opportunity to repeal this jurisdictional requirement, but no such intention is manifested. The provisions of the second paragraph of Code § 16.1-107 are mandatory, not merely directory. Unless the writ tax is paid to the district court clerk within 30 days from the judgment date, the district court has no authority to transmit the case to the circuit court. *See Godlewski* v. *Gray*, 221 Va. 1092, 1096, 277 S.E.2d 213, 216 (1981). Thus, the intended appeal is not perfected and the circuit court does not obtain jurisdiction. Indeed, we consistently have held that the failure to comply with rules governing appeals precludes "the exercise of the jurisdiction of the circuit court over the proceedings." *The Covington Virginian* v. *Woods*, 182 Va. 538, 548, 29 S.E.2d 406, 411 (1944).

■ Moreover, the curative provisions of Code § 16.1-114 are not available to Hurst, as these provisions cannot be used to correct jurisdictional defects. *See Rudiger & Sons, Inc.* v. *Hanckel-Smith Sales Co.*, 230 Va. 255, 335 S.E.2d 257 (1985). In *Burks* v. *Three Hills Corp.*, 214 Va. 322, 200 S.E.2d 521 (1973), relied upon by Hurst, an appellant deposited cash in lieu of a $100 appeal bond set by the lower court. After the case was transmitted to the circuit court, the clerk of that court, on his own initiative,

allocated $30.00 to the writ tax and other costs, leaving only $70.00 for the required appeal bond. The circuit court dismissed the appeal because "the bond of $100 [was] insufficient by the amount of $30.00."

We reversed, concluding that the appeal bond was merely deficient, not void, and that "a deficient appeal bond does not *require* dismissal of the appeal." *Id.* at 323, 200 S.E.2d at 522 (emphasis in original). We observed that Code § 16.1-114 empowers a trial court to correct " 'a mere defect, irregularity or omission in the proceedings' " in the court from which the appeal is taken. *Id.* (We also noted that Code § 16.1-109 provides procedures by which the circuit court may require new or additional security.)

█ In the present case, however, we do not have a mere defect, irregularity or omission in the proceedings which can be cured by Code § 16.1-114. Instead, we have a total failure to comply with a statute's mandatory provision, which requires dismissal of the appeal. *The Covington Virginian* v. *Woods*, 182 Va. 538, 29 S.E.2d 406; *Forrest* v. *Hawkins*, 169 Va. 470, 194 S.E. 721 (1938); *Clinch Valley Lbr. Corp.* v. *Hagan Estates*, 167 Va. 1, 187 S.E. 440 (1936); *Brooks* v. *Epperson*, 164 Va. 37, 178 S.E. 787 (1935).

Accordingly, we will affirm the judgment of the trial court.

*Affirmed.*

POFF, J., dissenting.

I agree that a defect in a jurisdictional requirement is not "a mere defect, irregularity or omission" within the contemplation of the curative provisions of Code § 16.1-114.* I disagree, however,

---

* This statute, repealed effective January 1, 1985, Acts 1983, c. 499, provided:

Actions or proceedings appealed or removed from courts not of record shall be tried according to the principles of law and equity, and when the same conflict the principles of equity shall prevail. No warrant, motion or other pleading shall be dismissed by reason of a mere defect, irregularity or omission in the proceedings in the court not of record, or in respect to the form of any such pleading, when the same may be corrected by a proper order of the court of record. But in any such case the court of record shall retain the same, with full power to direct all necessary amendments, to enter such orders and direct such proceedings as will tend to correct any such defects, irregularities and omissions, to promote substantial justice to all parties, and to bring about a trial of the merits of the controversy; and the court may make such provision as to costs and continuances as may be just. This section

with the majority's holding that the writ tax requirement is jurisdictional.

At one time it was. Former Code § 16.1-112 provided that "if the writ tax . . . be not so paid within 30 days . . . the appeal shall thereupon stand dismissed and the judgment shall become final. . . ." This statute was replaced in 1972 by Code § 16.1-107. Acts 1972, c. 585. The new statute no longer requires summary dismissal and final judgment. Code § 16.1-107 now provides that the appellant "shall, within thirty days . . . pay . . . the amount of the writ tax . . . and costs. . . ."

We should not assume, as the majority apparently does, that the change was meaningless. Significantly, every case cited by the majority in support of its conclusion that the writ tax requirement is jurisdictional involved a default in the bond requirement. Those cases merely reflect the mandate of the first paragraph of Code § 16.1-107 which expressly declares that "[n]o such appeal [from a court not of record] shall be allowed unless and until the [appellant] . . . shall give bond. . . ." The omission of such language respecting the writ tax requirement evinces a deliberate decision to make that requirement subject to the curative provisions of Code § 16.1-114, part of the same chapter of the same title of the Code.

The defined purpose of Code § 16.1-114 was "to promote substantial justice to all parties, and to bring about a trial of the merits of the controversy. . . ." "Tax-gathering is the purpose of the writ-tax statute. It is not intended to penalize a litigant." *Jenkins v. Faulkner*, 174 Va. 43, 49, 4 S.E.2d 788, 790 (1939). I would hold that the appellants' failure to pay the writ tax timely was "a mere defect, irregularity or omission" within the contemplation of the curative statute, reverse the judgment, and remand the action for a trial on the merits.

shall be liberally construed, to the end that justice be not delayed or denied by reason of errors in the pleadings or in the form of the proceedings.