# CIRCUIT COURT OF WASHINGTON COUNTY

Snead

    v.

Shaw

October 13, 1987

Case No. (Law) 3909

By JUDGE CHARLES H. SMITH, JR.

This matter was heard *ore tenus* on October 9, 1987, on plaintiff's "Motion to Dismiss Appeal." The court has reviewed the file and authorities cited by counsel and considered the testimony of the defendant and arguments of counsel.

The issue is whether the appeal should be dismissed for lack of jurisdiction because the writ tax was not timely paid. (Section 16.1-107 of the Code)

The record reveals that final judgment was entered in the general district court on March 31, 1987; the "Civil Appeal Notice" was executed on April 8, 1987, and the "Civil Appeal Bond" was executed on April 30, 1987. The writ tax was never paid.

The clerk of the general district court testified that she remembered preparing the "Civil Appeal Notice" for defendants and giving them a copy of same. Significantly, the form (DC-475) contains this language:

> I understand that within 30 days of the entry
> of judgment, I must deliver to the Clerk of
> this Court:
>     a. $32.00 for writ tax and costs . . . .

> I further understand that I must pay the writ tax and costs *and* (emphasis original) post the appeal bond within thirty (30) days of the entry of judgment for the appeal in my case to be complete ("perfected"), and that my failure to do so within the thirty (30) day period will result in the loss of my appeal rights.

The form was duly executed by the defendants.

The defendants rely upon Section 16.1-114.1 of the Code which permits the court to assume jurisdiction in spite of "a mere defect, irregularity or omission in the proceedings in the district court . . . ."

The plaintiffs rely upon the case of *Hurst v. Ballard*, 230 Va. 365 (1985), a case that appears to be squarely on point. In that case the circuit court dismissed the appeal for lack of jurisdiction for failure to timely pay the writ tax. The appellant in that case contended that payment of the writ tax was clearly jurisdictional under former Code Section 16.1-112 but that replacement legislation, Code Section 16.1-107, changed the requirement's jurisdictional effect. The Supreme Court did not agree and further rejected appellant's argument that the curative provisions of Section 16.1-114 (now 16.1-114.1) could be used to correct such a jurisdictional defect. The court stated:

> In the present case, however, we do not have a mere defect, irregularity or omission in the proceedings which can be cured by Code Section 16.1-114. Instead, we have a total failure to comply with a statute's mandatory provisions, which requires dismissal of the appeal. (*Id.* p. 368).

Justice Poff had a good dissent in this case in which he noted:

> The defined purpose of Code Section 16.1-114 was "to promote substantial justice to all parties, and to bring about a trial of the merits of the controversy. . ." Tax-gathering

is the purpose of the writ-tax statute. It is not intended to penalize a litigant. (*Id.* p. 369).

I am much persuaded by Justice Poff's dissent in this case, and the equities of the situation certainly mitigate in favor of the ·defendants. However, I am bound by the majority ruling in this case and am compelled to rule in favor of the plaintiffs. The court's jurisdiction is derivative in this instance. Since the court acquired no jurisdiction, it cannot exercise same. I believe this ruling is buttressed by the fact that the General Assembly has had two occasions since the decision in the *Hurst* case to repeal the jurisdictional requirements of Code Section 16.1-107 but has not done so.