## CIRCUIT COURT OF SMYTH COUNTY

Kegley

v.

Sullins

April 21, 1988

Case No. (Law) 1790

■■■■■■■

### By JUDGE CHARLES H. SMITH, JR.

This matter was heard *ore tenus* on April 14, 1988, on defendant's "Motion to Dismiss" the appeal. The court has reviewed the file and authorities cited by counsel and considered the testimony of the clerk of the general district court and arguments of counsel.

The issue presented, of course, is whether the appeal should be dismissed for lack of jurisdiction because the writ tax was not timely paid. (§ 16.1-107 of the Code)

The record reveals that final judgment was entered in the general district court on January 28, 1988, and the appeal was noted the same day. The "Civil Appeal Bond" was executed on February 2, 1988, in the amount of $500.00 cash. A writ tax of $23.00 was also paid the same day.

The clerk of the general district court testified that, through clerical error, the writ tax collected was insufficient. This was not discovered by the general district court but by a clerk in the circuit court when the papers were transferred to her. That clerk immediately notified the general district court who contacted the plaintiff. He came in on March 11, 1988, and paid the additional $10.00 that was due on the writ tax.

The plaintiff relies upon § 16.1-114.1 of the Code which permits the court to assume jurisdiction in spite

of "a mere defect, irregularity or omission in the proceedings in the district court. . . . This section shall be liberally construed, to the end that justice is not delayed or denied by reason of errors in the pleadings or in the form of the proceeding." Indeed, the curative effects of this Code Section (former § 16.1-114) were applied to a deficient appeal *bond* in the case of *Burks v. Three Hills Corporation*, 214 Va. 322 (1973). In that case an appeal bond had, in fact, been posted as required. However, a clerk of the circuit court to which the case was appealed, on his own initiative, applied part of the appeal bond to the writ tax leaving the appeal bond deficient. The trial court dismissed the appeal for lack of jurisdiction and the Supreme Court reversed stating that this Code section required the circuit court to allow a correction of this deficiency and the case to proceed for trial.

The defendant relies upon the case of *Hurst v. Ballard*, 230 Va. 365 (1985). In that case the circuit court dismissed the appeal for lack of jurisdiction for failure to timely pay the writ tax. The appellant in that case contended that payment of the writ tax was clearly jurisdictional under former Code § 16.1-112 but that replacement legislation, Code § 16.1-107, changed the requirement's jurisdictional effect. The Supreme Court did not agree and further rejected appellant's argument that the curative provisions of § 16.1-114 (now § 16.1-114.1) could be used to correct such a jurisdictional defect. The court stated:

> In the present case, however, we do not have a mere defect, irregularity or omission in the proceedings which can be cured by Code Section 16.1-114. Instead, we have a total failure to comply with a statute's mandatory provisions, which requires dismissal of the appeal. (*Id*. page 368)

I believe that case to be clearly distinguishable from the case at bar. In the *Hurst* case no writ tax at all was ever paid to any court within the required time frame. In this case, as in the *Burks* case, substantial compliance was, in fact, had and the plaintiff was frustrated in his attempt to "perfect" his appeal through clerical error. I am, therefore, of the opinion that the curative

172

provisions of § 16.1-114.1 of the Code are applicable to this situation and the suit should be allowed to proceed to trial.