# CIRCUIT COURT OF GREENSVILLE COUNTY

Monica L. Powell

v.

Warren C. Rawlings

June 12, 2009

Case No. 09-67

BY JUDGE W. ALLAN SHARRETT

On February 10, 2009, the General District Court for the City of Emporia entered judgment in favor of Plaintiff and against Defendant in the amount of $2,150.00, together with costs of $53.00. An appeal bond was set at $2,500.00. On February 20, 2009, Defendant timely filed a notice of appeal. No sooner than thirty-five days after judgment, on or after March 17, 2009, Defendant posted bond in the amount of $2,500.00.

Pursuant to § 16.1-112 of the Code of Virginia, on March 20, 2009, the Circuit Court case transmittal and fees remittance sheet was filed by the clerk of court, recording that the Greensville Circuit Court holds the appeal bond in the amount of $2,500.00.

The issue now before the Court relates to the disposition of the appeal bond upon the Court's finding that it does not have jurisdiction to hear the appeal.

Code of Virginia § 16.1-107 (Supp. 2008) requires that the appeal bond be posted within thirty days from the day of judgment and that the failure to do so will result in the loss of appeal rights. "The statutory requirements for appeal bonds have always been construed as mandatory." *The Covington Virginian, Inc. v. Woods*, 182 Va. 538 (1944). Because the Defendant did not post bond within the statutory period, this Court does not have jurisdiction to

hear Defendant's appeal, and the appeal must be dismissed. See, e.g., *Commonwealth v. Walker*, 253 Va. 319 (1997) (District Court's judgment became final when the appeal was not perfected); *Godlewski v. Gray*, 221 Va. 1092, 1097 (1981) (General Assembly meant the process of giving bond to be completed within thirty days of the date of judgment); *Hurst v. Ballard*, 230 Va. 365, 367-68 (1985) (Failure to perfect the appeal by paying the writ tax and providing the required bond surety or deposit within the statutory period is fatal to the jurisdiction of the Circuit Court.).

Though this Court does not have jurisdiction to hear the appeal, it does have control over the appeal bond currently in its possession. As required by § 16.1-107, the appeal bond is not only conditioned upon abiding by the judgment of the court if the appeal is perfected, but also upon satisfying the judgment previously rendered if the appeal is not perfected. *Shaw v. Macher Properties*, No. CL07001048-00 at 2 (Roanoke Cir. Ct. July 11, 2007). Section 16.1-107 provides:

> No appeal shall be allowed unless and until the party applying for the same or someone for him shall give bond, in an amount and with sufficient surety approved by the judge or by his clerk if there is one, to abide by such judgment as may be rendered on appeal if such appeal is perfected, *or if not so perfected* or if withdrawn pursuant to § 16.1-106.1, *then to satisfy the judgment of the court in which it was rendered*. Such bond shall be posted within 30 days from the date of judgment, except for an appeal from the judgment of a general district court on an unlawful detainer pursuant to § 8.01-129.

Va. Code § 16.1-107 (Supp. 2008) (emphasis added).

In *Shaw*, the appeal was dismissed for lack of perfection, the judgment of the General District Court was reinstated, and the clerk of the Circuit Court was directed to pay the money that was deposited in lieu of surety bond to satisfy the judgment rendered by the General District Court. *Shaw*, CL07001048-00 at 3.

In the instant case, because Defendant's appeal was not perfected, § 16.1-107 of the Virginia Code requires that the posted bond be released to Plaintiff to satisfy her judgment against the Defendant.

In conclusion, the Court finds that the appeal bond was not perfected, and thus this Court does not have jurisdiction to hear Defendant's appeal. Judgment of the General District Court will be reinstated. Further, the Court finds that the bond in its possession shall be released to Plaintiff to satisfy her judgment against the Defendant in the amount of $2,203.00.